UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO.: 3:19-CV-1270

JESSE KALINSKI,

    Plaintiff,

vs.

INVESTMENT PAINTING OF NORTH FL, LLC and
DUSTIN MACPEEK,

    Defendants.

_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Jesse Kalinski sues Defendants, Investment Painting of North FL, LLC, and Dustin MacPeek, for violating Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"), as follows"

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Jesse Kalinski**, was and is a resident of Duval County, Florida, at all times material, and he is *sui juris*.

2.     Plaintiff was an hourly non-exempt employee of Defendants.

3.     Plaintiff consents to participate in this lawsuit.

4.     **Defendant, Investment Painting of North FL, LLC**, is a Florida for-profit that conducts its for-profit business in Florida, and it is *sui juris*. It maintains its office and principal place of business in Jacksonville, Duval County, Florida.

5. **Defendant, Dustin MacPeek**, was and is an officer, owner, president, and operator of Investment Painting of North Florida for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He lives and works in this District.

6. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). All two Defendants employed Plaintiff.

7. Both Defendants employed the Plaintiff.

8. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in this District, where payment was to be received.

### *Background Facts*

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

11. Defendants engage in the provision of residential and commercial painting which, traditionally, cannot be performed without using goods, materials, vehicles, compressors, sprayers, rollers, brushes, supplies, coatings, paints, and equipment that have all moved through interstate commerce prior to Defendants' receipt of same.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

12. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

13. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

14. Plaintiff worked for Defendants from May 5, 2019 through and including October 15, 2019.

15. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

16. Plaintiff worked for Defendants as a "painter" who applied decorative and protective coatings to real property in this District.

17. During this time, Plaintiff regularly and routinely used coatings, paints, drop cloths, personal protective equipment, rollers, brushes, sprayers, painting supplies, and other goods and supplies that moved through interstate commerce prior to Plaintiff's receipt of same.

18. Defendants kept their work vans, which were manufactured outside of the State of Florida, at a Sherwin Williams location.

19. Defendants provided all of the goods and materials that Plaintiff needed to perform his work.

20. Defendants agreed to pay Plaintiff an hourly rate of $17.00 per hour.

21. Defendants required that Plaintiff utilize an application on his phone called HouseCall Pro to clock in when he arrived at the Sherwin Williams location, to clock out for lunch, and to clock out.

3

22. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

### *Liability*

23. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one and one-half times his regular rate of pay, for all hours worked over 40 hours in a given workweek.

24. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate(s) of pay for each of the overtime hours he worked during the three years prior to the filing of this lawsuit.

25. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay their overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

26. All conditions precedent were satisfied by Plaintiff or were waived by Defendants.

27. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

28. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Jesse Kalinski, demands the entry of a judgment in his favor and against Defendants, Investment Painting of North Florida, LLC and Dustin MacPeek, jointly and severally, after trial by jury and as follows:

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 1st day of November 2019.

                                      Respectfully Submitted,

                                      s/Brian H. Pollock, Esq.
                                      Brian H. Pollock, Esq.
                                      Fla. Bar No. 174742
                                      brian@fairlawattorney.com
                                      FAIRLAW FIRM
                                      7300 N. Kendall Drive
                                      Suite 450
                                      Miami, FL 33156
                                      Tel:   305.230.4884
                                      *Counsel for Plaintiff*